BOEHM, J.,
dissenting.
I respectfully dissent. For the reasons given by the Maryland Court of Appeals quoted by the majority, I would reverse the trial court. The reasons for refusing to permit assignment of tort claims do not apply to the assignment of an interest in the proceeds of the claim. It is one thing to say we do not want unliquidated tort claims to become the subject of a secondary market in which attorneys and others can buy up claims and prosecute them when they would otherwise remain unas-serted. It is quite another to say that a tort claimant should not be able to obtain treatment by giving the health care provider what amounts to a security interest in the proceeds of a claim that is not yet reduced to judgment. For that matter, I see no reason why an assignment to any creditor of the claimant should be prohibited if the claimant and the creditor can agree on that arrangement and the terms of the assignment do not shift control of the claim to the creditor. After a simple assignment of an interest in the proceeds the injured party retains control of the lawsuit and the interest of the assignee provider is fixed at the amount of the charge for the service.
The fact that the legislature has chosen to create a statutory lien in favor of hospitals, but not in favor of chiropractors does not seem relevant to me. A statutory lien arises in favor of the hospital whether or not the claimant agrees to it. The statute essentially protects the public and promotes service to the injured by protecting *949 the financial interests of hospitals who often may be called upon for emergency services under circumstances not permitting any consensual arrangement with the injured person. Moreover, the public has an interest in seeing that hospitals are adequately funded and do not get stiffed by deadbeats. Neither of these reasons suggests a legislative desire to deny the claimant and a potential creditor the freedom to contract their own arrangement to secure payment. By permitting an assignment, the law would not require preferential treatment to anyone. No extension of rights is conferred on anyone beyond recognition that private parties can arrange their own affairs as they choose, subject to public policy considerations. I see no such policy here, and believe the Court of Appeals correctly reversed the trial court.
SULLIVAN, J., concurs.